UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DANA WATSON,

      Plaintiff,

      v.                                                          Case No. 3:22-cv-2555-JPG

METROPOLITAN ENFORCEMENT
GROUP OF SOUTHERN ILLINOIS MEGSI,

      Defendant.

## MEMORANDUM AND ORDER

### I.      Introduction

This matter comes before the Court on Defendant Metropolitan Enforcement Group of Southern Illinois Megsi ("Defendant") Motion to Dismiss the Complaint (Doc. 7). Plaintiff Dana Watson ("Plaintiff") did not respond to the motion within the time prescribed by the local rules of this district. The Court ordered the Plaintiff to respond or otherwise show cause as why her failure to respond should not be an admission on the merits, and the Court should grant the Defendant's motion. The Plaintiff then answered the motion to dismiss (Doc. 12).

### II.      Background

Plaintiff initially filed this complaint in Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois. Plaintiff's state law complaint alleges Second and Fourth Amendment violations, excessive force, negligence, emotional distress, and discrimination. (Doc. 1). Plaintiff also included various letters, correspondence with St. Clair County, attorneys' offices, court clerks, and others. Based on the letters and documents provided, Plaintiff is alleging that Defendant "confiscated [her] 40 caliber Smith & Wesson handgun," $1892.00 in cash, and failed to return

property from an alleged illegal search served on 1/24/2014. (Doc. 1-1 at 11). The Plaintiff also included Case No. 14685. *Id.*

### III.     Analysis

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937). The plaintiff "must do more in the complaint than simply recite the elements of a claim." *Zellner v. Herrick*, 639 F.3d 371, 378 (7th Cir. 2011). Complaints that offer "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

"In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th

Cir. 2018). The Court can consider exhibits to a complaint when deciding a motion to dismiss. *See Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

A "*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007), quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

The Court will take each of Plaintiff's alleged claims in turn. Plaintiff alleges the following in both her initial complaint and her response. (1) willful and wanton conduct $1,000,000; (2) negligence $1,000,000; (3) emotional distress/pain and suffering $1,000,000; (4) excessive force/punitive damages; (5) violation of 2nd, 4th, 8th, and $14th Amendment $1,000,000; (6) discrimination $1,000,000. Defendant does not indicate how Plaintiff fails or succeeds in stating a claim to each of the cause of action alleged, so this Court will do so.

Under Illinois law, a plaintiff pleading willful and wanton misconduct must establish the same basic elements of a negligence claim, which are the existence of a duty, breach of that duty, and an injury proximately resulting from the breach. *Krywin v. Chi. Transit Auth.*, 391 Ill.App.3d 663, 330 Ill.Dec. 865, 909 N.E.2d 887, 890 (2009). A willful and wanton claim has the additional requirement that the breach be not merely negligent, but with "either a deliberate intention to harm or an utter indifference to or conscious disregard for the welfare of the plaintiff." *Kirwan v. Lincolnshire–Riverwoods Fire Protection Dist.*, 349 Ill.App.3d 150, 285 Ill.Dec. 380, 811 N.E.2d 1259, 1263 (2004) (quoting *Adkins v. Sarah Bush Lincoln Health Ctr.*, 129 Ill.2d 497, 136 Ill.Dec. 47, 544 N.E.2d 733, 743 (1989)). Plaintiff's complaint, exhibits, and response do not contain any allegations that would plausibly suggest the basic elements of a negligence claim or under what basis Defendant would be subject to punitive damages for willful and wanton conduct. For this

reason, the Court will dismiss Plaintiff's negligence and willful and wanton conduct claims.

To state an intentional infliction of emotional distress (IIED) claim under Illinois law, a plaintiff must allege facts sufficient to infer: (1) conduct that is truly extreme and outrageous; (2) that the defendant intended that his conduct inflict severe emotional distress, or know that there was at least a high probability that his conduct would cause severe emotional distress; and (3) that the conduct in fact caused severe emotional distress. *Summerland v. Exelon Generation Co.*, 510 F. Supp. 3d 619 (N.D. Ill. 2020). Plaintiff argues that she has "stress, anxiety, and mental anguish." (Doc. 12 at 3). The Court does not doubt that Plaintiff has emotional issues. Plaintiff even attached a screenshot of a medical record which indicates she has "recurrent major depression" and "generalized anxiety disorder." Plaintiff, however, does not properly allege that defendant intended conduct inflict severe motional distress or high probability that her conduct would cause severe emotional distress. For this reason, the Court will dismiss Plaintiff's intentional infliction of emotional distress claim.

Excessive force claims are analyzed under the Fourth Amendment. Fourth Amendment claims of excessive force are analyzed under the "objective reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (U.S. 1989). Under this standard, a plaintiff must allege that officers acted unreasonably in light of the facts and circumstances of the situation they faced, without regard to their underlying motives or subjective intent toward the suspect. *Id*. at 397, 109 S.Ct. 1865. To survive a motion to dismiss, a claim of excessive force must allege " 'some force,' some 'physically abusive governmental conduct,' some 'physical force,' applied to a suspect." *See e.g. Morales–Placencia v. City of Chicago*, No. 08 C 5365, 2011 WL 1542964, at *2 (N.D. Ill. Apr. 21, 2011) (quoting *McNair v. Coffey*, 279 F.3d 463, 467 (7th Cir. 2002)) (holding that Plaintiff's complaint alleging that officers brandished firearms during a search

of the plaintiff's home was, without more, insufficient to state a claim). Here, Plaintiff does not sufficiently allege who committed the acts of excessive force, what type of force was used, or even whether "some force" was used. For these reasons, the Court will dismiss Plaintiff's excessive force claim.

The Court is unclear under what basis or cause of action Plaintiff is suing under the Second, Eighth or Fourteenth Amendments. While the documents demonstrate that Plaintiff is requesting certain money and guns from Defendant, a suit in federal court requires Plaintiff to state a claim.[1] Specifically, even though Plaintiff is *pro se* and entitled to a liberal construction, she still must provide Defendant with fair notice of the claim and basis of the claim. *Leistikow v. Mangerson*, 172 F.R.D. 403, 405 (E.D. Wis. 1997) (stating "[w]hile at least some of Mr. Leistikow's documents may have intended" as a response, "none of them make a particularized objection…"). "The essence of liberal construction is to give a *pro se* plaintiff a break when, although he stumbles on a technicality, his pleading is otherwise understandable." *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998). At this point, with the facts alleged, Plaintiff's complaint insufficiently states a claim under the Second, Eighth, or Fourteenth Amendments.

Additionally, in Plaintiff's response, she also alleges a charge of "discrimination." This statement is vague, conclusory and insufficient to state a claim under Rule 12(b)(6). The Federal Rules require sufficient factual matter to state a claim and to provide notice to Defendant.

---

[1] District judges have no obligation to act as counsel or paralegal to pro se litigants. *In McKaskle v. Wiggins*, 465 U.S. 168, 183–184, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984), the Court stated that "[a] defendant does not have a constitutional right to receive personal instruction from the trial judge on courtroom procedure" and that "the Constitution [does not] require judges to take over chores for a pro se defendant that would normally be attended to by trained counsel as a matter of course." *See also Martinez v. Court of Appeal of Cal*., Fourth Appellate Dist., 528 U.S. 152, 162, 120 S.Ct. 684, 145 L.Ed.2d 597 (2000) ("[T]he trial judge is under no duty to provide personal instruction on courtroom procedure or to perform any legal 'chores' for the defendant that counsel would normally carry out").

Plaintiff's complaint fails to state a claim under any of the theories and claims alleged.

### IV.     Conclusion

For these reasons the Court hereby **GRANTS** Defendant's Motion to Dismiss (Doc. 7) and **DISMISSES** this matter without prejudice. The Court provides Plaintiff leave to amend her complaint to cure the defects detailed in this Order if Plaintiff chooses to do so. Plaintiff's amended complaint is due 15 days entry of this Order or on January 26, 2023.


**IT IS SO ORDERED.**
**DATED:  January 11, 2023**

<u>**/s/  J. Phil Gilbert**</u>
**J. PHIL GILBERT**
**U.S. DISTRICT JUDGE**