UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANA WATSON,<br><br>　　Plaintiff,<br><br>　　v.<br><br>METROPOLITAN ENFORCEMENT<br>GROUP OF SOUTHERN ILLINOIS MEGSI,<br><br>　　Defendant. | Case No. 3:22-cv-2555-JPG |

**MEMORANDUM AND ORDER**

### I.　Introduction

This matter comes before the Court on Defendant Metropolitan Enforcement Group of Southern Illinois Megsi ("Defendant") Motion to Dismiss the Complaint (Doc. 17). Plaintiff Dana Watson ("Plaintiff" or "Watson") has responded to the motion (Doc. 18). This is Defendant's second motion to dismiss. The Court granted Defendant's first motion, and allowed Plaintiff leave to file an amended complaint. (Doc. 15). Plaintiff filed an amended complaint within the timeframe provided by the Court (Doc. 16). Defendant filed its second motion to dismiss Plaintiff's Amended Complaint (Doc. 17). The Court addresses Defendant's motion now.

### II.　Background

The Amended Complaint is similar to Plaintiff's response to this Court's Order to Show Cause, with additional handwritten pages. There are six pages in Plaintiff's Amended Complaint. The first page lists "willful and wanton conduct," "negligence," "emotional distress/pain & suffering," "excessive force/punitive damages," "violation of 2nd, 4th, 8th, and 14th amendment," and "discrimination." Each cause of action includes an amount of $1,000,000.

In the handwritten portion, Plaintiff states that on January 24, 2014, Defendant served a "no knock" warrant at the address in East St. Louis, and through a bomb grenade to gain entry into the home. (Doc. 55 at 4). Watson goes on to describe the events related to the search and seizure of the property as police served the warrant. Watson "hired an attorney to fight for my civil rights that was violated and the return of my $1892.00" and Watson's gun because Plaintiff found out the warrant was based on potentially faulty information. (Doc. 55 at 5). Watson does not describe what resulted from that lawsuit (if one was filed). *Id*. She indicates she "begged" to go to trial because she found out the warrant utilized by Defendant was based on "probable cause from someone that never lived or visited" her address. *Id*. at 6.

### III. Analysis

#### a. Statute of Limitations

A statute of limitations defense can be raised in a Rule 12(b)(6) motion to dismiss if the allegations in the complaint contain everything needed to satisfy the affirmative defense. *Indep. Trust Corp. v. Stewart Infor. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012); *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009); FED. R. CIV. P. 12(b)(6). The motion to dismiss will be granted if the moving party shows there are no disputed issues of material fact and "if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Hayes v. City of Chicago*, 670 F.3d 810, 813 (7th Cir. 2012) (quoting *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 704 (7th Cir. 2004)); *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007).

Section 1983 claims borrow the statute of limitations for personal injury torts from the state in which the alleged violation occurred. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998). Illinois' applicable statute of limitations is two years. *Kalimara v. Illinois Dep't of Corrections*, 879 F.2d 276, 277 (7th Cir. 1989). Claims of

negligence and willful or wanton conduct are two years, or one year for municipalities and its employees under Illinois. *Paulsen v. Abbott Lab'ys*, 39 F.4th 473, 478 (7th Cir. 2022) (internal quotations omitted); 745 ILCS 10/8-101. Statute of limitations for intentional infliction of emotional distress under Illinois law is two years. 735 ILCS 5/13–202. More than nine years has passed since the alleged acts occurred on January 24, 2014. Even among the most liberal statute of limitations rules, Plaintiff claims are time-barred.

Plaintiff responds and argues that the statute of limitations does not apply because Defendant still has the seized property. However, statute of limitations does not accrue in that way. Under Illinois law, "general rule, a cause of action for personal injury accrues at the time [a] plaintiff suffers injury." *Wilson v. Devonshire Realty of Danville*, 307 Ill.App.3d 801, 241 Ill.Dec. 129, 718 N.E.2d 700, 704 (1999) (citation omitted); *see Healy v. Owens-Illinois, Inc.*, 359 Ill.App.3d 186, 295 Ill.Dec. 700, 833 N.E.2d 906, 910 (2005). When "an injury is not caused by a single traumatic event but rather occurs more gradually, courts apply the discovery rule." *Healy*, 359 Ill.App.3d 186, 295 Ill.Dec. 700, 833 N.E.2d at 910 (citations omitted). Under that common-law rule, "the limitations period begins to run when the party seeking relief both (1) knows or reasonably should know of his injury and (2) knows or reasonably should know that it was wrongfully caused." *Doe v. Hastert*, 433 Ill.Dec. 969, 133 N.E.3d 1249, 1255 (Ill. App. Ct. 2019) (citing *Parks v. Kownacki*, 193 Ill.2d 164, 249 Ill.Dec. 897, 737 N.E.2d 287, 294 (2000)). Importantly, "[t]he limitations period begins *running* even if the plaintiff does not know that the misconduct was actionable." *Id.*, 433 Ill.Dec. 969, 133 N.E.3d at 1255–56 (citing *Parks*, 193 Ill.2d 164, 249 Ill.Dec. 897, 737 N.E.2d at 294). Although the discovery rule "does not mandate that a plaintiff know with precision the legal injury that has been suffered," it anticipates that she will possess "sufficient information to cause [her] to inquire further in order to determine whether a

legal wrong has occurred." *Healy*, 359 Ill.App.3d 186, 295 Ill.Dec. 700, 833 N.E.2d at 910 (citations omitted).

Here, Plaintiff is clear in the Amended Complaint that she "begged" for "four years" "to go to trial because I found out the warrant was based on probable cause from someone that never lived or visited" Plaintiff's address. (Doc. 55 at 6). Therefore, Plaintiff discovered and knew of the alleged violations against Watson for more than four years. For these reasons, Plaintiff's Amended Complaint is time-barred and will be dismissed.

Finding that Plaintiff's claims are time barred by the two-year statute of limitations for § 1983 claims, and two-year statute of limitations negligence and IIED claims, the Court need not address Defendant's *Monell* argument. *Paulsen*, 39 F.4th at 479.

### IV.    Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. 17) is **GRANTED**. The Amended Complaint (Doc. 16) and this action is **DISMISSED** with prejudice as untimely filed. The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

If Plaintiff wishes to appeal this dismissal, the notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

A motion for leave to appeal *in forma pauperis* must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, Plaintiff will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See*

FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). If the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike."

**IT IS SO ORDERED.**
**DATED:  February 21, 2023**

                                              **/s/  J. Phil Gilbert**
                                              **J. PHIL GILBERT**
                                              **U.S. DISTRICT JUDGE**