UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANA WATSON,<br><br>       Plaintiff,<br><br>   v.<br><br>METROPOLITAN ENFORCEMENT<br>GROUP OF SOUTHERN ILLINOIS MEGSI,<br><br>       Defendant. | Case No. 3:22-cv-2555-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff Dana Watson ("Watson"), moving *pro se*, Motion to Have all Records from District Court Sent to Appeals Court by Dana Watson (Doc. 31).

A timely notice of appeal divests the district court of jurisdiction over those aspects of the case involved in the appeal. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Where, as here, the appeal is taken from a judgment that determines the entire action, the filing of the notice of appeal divests the district court of the power to take any further action in the proceeding "except in aid of the appeal, to correct clerical mistakes under Fed.R.Civ.P. 60(a), or in aid of execution of a judgment that has not been stayed or superseded." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1240 (7th Cir. 1986).

The Court construes Watson's Motion for a motion to supplement the record under Rule 10(e). Under Rule 10(e) of the Rules of Appellate Procedure, a party can move to correct or modify the record on appeal. Fed.R.App.P. 10(e). Such motions must be first presented to the district court. Rule 10(b) (providing that motions to correct or modify the record pursuant to Rule 10(e) of the Rules of Appellate Procedure or a motion to strike matter from the record on appeal should be

presented first to the district court). The purpose of Rule 10(e) is to ensure that the Court of Appeals has a complete record of the proceedings before the district court. *United States v. Elizalde–Adame*, 262 F.3d 637, 641 (7th Cir. 2001).

Rule 10(a) provides that the record on appeal is comprised of: "(1) the original papers and exhibits filed in the district court; (2) the transcript of proceedings, if any; and (3) a certified copy of the docket entries prepared by the district clerk." Fed. R. App. P. 10(a). Here, Watson requests the Court to have "transcripts from St. Clair County Courts added to this appeal." (Doc. 31). In short, everything that was before this Court will be before the appellate court. However, to the extent there are other materials before St. Clair County Courts that were not before this Court, those materials are improper before the Seventh Circuit Court of Appeals.

Rule 10(e) is not a vehicle to add new material not before this Court, which is what Watson attempts to do. Other courts have denied motions to supplement where a party seeks to add documents to the record on appeal that were not part of the record before the district court. *Stewart v. Colvin*, 2016 WL 6126912, at *2 (C.D. Ill. Oct. 18, 2016); *Edmonds v. Operating Engineers Local 139*, 2009 WL 2983066, at *1 (W.D. Wis. Sept. 14, 2009); *Parker v. Loyal*, No. 115-cv-00826-JMS-TAB, 2018 WL 898722, at *1 (S.D. Ind. Feb. 15, 2018).

Watson's Motion to Supplement the Record on Appeal is not properly brought forth pursuant to Rule 10(e) because Watson seeks to add new material to the record on appeal that was not before this Court. Accordingly, the Court **DENIES** Watson's Motion to Have all Records from District Court Sent to Appeals Court (Doc. 31).

IT IS SO ORDERED.
DATED:  March 30, 2023

/s/ J. Phil Gilbert
J. PHIL GILBERT
U.S. DISTRICT JUDGE