UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DANA WATSON,

    Plaintiff,

    v.

METROPOLITAN ENFORCEMENT
GROUP OF SOUTHERN ILLINOIS MEGSI,

    Defendant.

Case No. 3:22-cv-2555-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Dana Watson ("Watson"), moving *pro se*, Motion to Supplement Records (Doc. 34). Watson states that she "[r]equests all forms submitted by Plaintiff including certified mail to be supplemented in the records and sent to appeals to be added to case." *Id*. Then, Watson attaches her answer to the motion to dismiss, (p. 1-6), transcript of proceedings in St. Clair County, Illinois (p. 7-15), and Watson's medical records (p. 17-37). This Court has already issued an order denying Watson's previous motion where Watson attempts to supplement the record with materials that were not before this Court. (Doc. 33). Watson attempts to do so again.

A timely notice of appeal divests the district court of jurisdiction over those aspects of the case involved in the appeal. *Griggs v. Provident Consumer Discount Co*., 459 U.S. 56, 58 (1982). Where, as here, the appeal is taken from a judgment that determines the entire action, the filing of the notice of appeal divests the district court of the power to take any further action in the proceeding "except in aid of the appeal, to correct clerical mistakes under Fed.R.Civ.P. 60(a), or in aid of execution of a judgment that has not been stayed or superseded." *Henry v. Farmer City*

*State Bank*, 808 F.2d 1228, 1240 (7th Cir. 1986).

Under Rule 10(e) of the Rules of Appellate Procedure, a party can move to correct or modify the record on appeal. Fed.R.App.P. 10(e). Such motions must be first presented to the district court. Rule 10(b) (providing that motions to correct or modify the record pursuant to Rule 10(e) of the Rules of Appellate Procedure or a motion to strike matter from the record on appeal should be presented first to the district court). The purpose of Rule 10(e) is to ensure that the Court of Appeals has a *complete record of the proceedings before the district court. United States v. Elizalde–Adame*, 262 F.3d 637, 641 (7th Cir. 2001) (emphasis added).

Rule 10(a) provides that the record on appeal is comprised of: "(1) the original papers and exhibits filed in the district court; (2) the transcript of proceedings, if any; and (3) a certified copy of the docket entries prepared by the district clerk." Fed. R. App. P. 10(a). Watson attempts to supplement the record with the transcript of proceedings conducted in *state court* in St. Clair County, Illinois. Previously, Watson attempted to have the transcripts from St. Clair County added to this appeal. The Court already denied that request the transcripts from St. Clair County were not before this Court while the Court assessed Watson's Complaint. The Court will deny that request again.

Rule 10(e) is not a vehicle to add new material not before this Court, which is what Watson attempts to do. Other courts have denied motions to supplement where a party seeks to add documents to the record on appeal that were not part of the record before the district court. *Stewart v. Colvin*, 2016 WL 6126912, at *2 (C.D. Ill. Oct. 18, 2016); *Edmonds v. Operating Engineers Local 139*, 2009 WL 2983066, at *1 (W.D. Wis. Sept. 14, 2009); *Parker v. Loyal*, No. 115-cv-00826-JMS-TAB, 2018 WL 898722, at *1 (S.D. Ind. Feb. 15, 2018).

The Court will not allow the medical records Watson attached to be supplemented into the

record. Those records were not before this Court either. Watson had the opportunity to present the transcript, medical records, and the other materials properly before this Court. The purpose of an appeal is to review or change the decision made in a lower court. The appellate court is only able to review decisions in the district court, or this Court, with the materials that the Court had before it to make its decision.

Watson's Motion to Supplement the Record on Appeal is not properly brought forth pursuant to Rule 10(e) because Watson seeks to add new material to the record on appeal that was not before this Court. Accordingly, the Court **DENIES** Watson's Motion to Supplement Records. (Doc. 34).

**IT IS SO ORDERED.**
**DATED:  April 10, 2023**

<u>**/s/  J. Phil Gilbert**</u>
**J. PHIL GILBERT**
**U.S. DISTRICT JUDGE**